IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

**Fill in this information to identify your case:**

Debtor 1: Jennifer L. Register
First Name  Middle Name  Last Name

Debtor 2
(Spouse, if filing)
First Name  Middle Name  Last Name

Case number (If known): 19-60124

☑ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:
    ☑ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:
    ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:
    ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$636.00** for the applicable commitment period of:

    ☑ 60 months: or

    ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☑ Debtor 1 **100** %  ☐ Debtor 2 _____ %

    ☐ Direct to the Trustee for the following reason(s):
    ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
    _____

    (c) Additional Payments of **$0** (estimated amount) will be made on _____, _____ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | Jennifer L. Register | Case number | 19-60124 |
|---|---|---|---|

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| -NONE- | | | | | |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| -NONE- | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

   (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Credit Acceptance Corp. | 2017 Chevrolet Malibu | $17,260.00 | 7.00% | Min. $342.00 |

   (f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| One Main | Miscellaneous HHGS and all other collateral | $1.00 | 0.00% | Min. $1.00 |
| Southern Finance Company | Miscellaneous HHGS and all other collateral | $1.00 | 0.00% | Min. $1.00 |
| Western Finance | Miscellaneous HHGS and all other collateral | $1.00 | 0.00% | Min. $1.00 |
| World Acceptance Corp. | Miscellaneous HHGS and all other collateral | $1.00 | 0.00% | Min. $1.00 |
| World Finance Company | Miscellaneous HHGS and all other collateral | $1.00 | 0.00% | Min. $1.00 |

   (g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

| Debtor | Jennifer L. Register | Case number | 19-60124 |
|---|---|---|---|

☐ with interest at ____% per annum; or ☐ without interest:
**None**

    (h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of **$9,780.00**, whichever is greater.

5. **Executory Contracts.**
    (a) Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| AT & T | Cell phone contract | Reject | | |
| Directv | Directv contract/lease | Reject | | |
| Verizon Wireless | Cell phone contract | Reject | | |

    (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| -NONE- | |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| Credit Acceptance Corp. | | Miscellaneous HHGS |
| One Main | | Miscellaneous HHGS |
| Southern Finance Company | | Miscellaneous HHGS |
| Western Finance aka Western Shamrock Corp. | | Miscellaneous HHGS |
| World Acceptance Corp. | | Miscellaneous HHGS |
| World Finance Company | | Miscellaneous HHGS |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| -NONE- | | |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon

GASB - Form 113 December 1, 2017

| Debtor | Jennifer L. Register | Case number | 19-60124 |
|---|---|---|---|

the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**Title Max of GA, Inc. will be paid by the daughter as a contingent claim outside of the plan for the 2004 Mitsubishi Montero Sport.**

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: **April 4, 2019**

/s/ Jennifer L. Register
**Jennifer L. Register**
*Debtor 1*

*Debtor 2*

/s/ J. Michael Hall
**J. Michael Hall 319333**
*Attorney for the Debtor(s)*

United States Bankruptcy Court
For the Southern District of Georgia

| | | |
|---|---|---|
| **In the Matter of:** | ) | **Chapter 13 Bankruptcy** |
| | ) | |
| Jennifer L. Register, | ) | Case No. 19-60124 |
| | ) | |
| **Debtor.** | ) | |

## CERTIFICATE OF SERVICE

I certify that I have served the Plan by United States standard first-class mail to the Chapter 13 Trustee, the US Trustee, and on the following parties below and on the attached mailing matrix:

O. Byron Meredith, III
Chapter 13 Trustee
PO Box 10556
Savannah, GA 31412

Office of the U.S. Trustee
Johnson Square Business Center
2 E Bryan Street, Ste. 725
Savannah, GA 31401

This 8th day of April, 2019.

/s/ J. Michael Hall
Attorney Bar No. 319333
Attorney for Debtors
Hall & Navarro, LLC
5 Oak Street
Statesboro, GA 30458
Telephone: (912) 764-6757
E-Mail: mhall@hallnavarro.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113J-6<br>Case 19-60124-EJC<br>Southern District of Georgia<br>Statesboro<br>Mon Apr  8 08:16:07 EDT 2019 | AT & T<br>PO Box 105262<br>Atlanta GA 30348-5262 | Allstate Insurance<br>413 W. Montgomery Xrd., Bldg. A, Ste. 1<br>Savannah GA 31406-3364 |
| (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bank of Missouri<br>5109 S Broadband Lane<br>Sioux Falls SD 57108-2208 | Capital One Bank USA, NA<br>PO Box 30249<br>Salt Lake City UT 84130-0249 |
| Capital One Bank USA, NA<br>PO Box 30281<br>Salt Lake City UT 84130-0281 | Cavalry Portfolio Services<br>500 Summit Lake Dr.<br>Ste. 4A<br>Valhalla NY 10595-2323 | Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-2321 |
| (p)CREDIT ACCEPTANCE CORPORATION<br>25505 WEST 12 MILE ROAD<br>SOUTHFIELD MI 48034-8316 | Credit Acceptance Corp.<br>PO Box 5070<br>Southfield MI 48086-5070 | Credit Collection Services<br>725 Canton Street<br>Norwood MA 02062-2679 |
| Credit Cube<br>PO Box 133<br>Finley CA 95435-0133 | Credit One Bank<br>PO Box 98872<br>Las Vegas NV 89193-8872 | Directv<br>PO Box 538606<br>Atlanta GA 30353-8606 |
| Eastman Credit Union<br>2021 Meadowview Lane<br>Kingsport TN 37660-7468 | Enhanced Recovery Company<br>PO Box 57547<br>Jacksonville FL 32241-7547 | Eric Register<br>1560 Orabelle Road<br>Portal GA 30450-4862 |
| First Premier Bank<br>3820 N Louise Ave.<br>Sioux Falls SD 57107-0145 | (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | HSBC Bank<br>PO Box 5253<br>Carol Stream IL 60197-5253 |
| J. Michael Hall<br>Hall & Navarro, LLC<br>5 Oak Street<br>Statesboro, GA 30458-4848 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia PA 19101-7346 | JH Portfolio Debt. Equiti.<br>5757 Phantom Drive<br>Ste. 225<br>Hazelwood MO 63042-2429 |
| (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | Mama Doc Pediatrics<br>400 E Grady Street<br>Statesboro GA 30458-5157 | O Byron Meredith III<br>P O Box 10556<br>Savannah, GA 31412-0756 |
| National Payment Center<br>US Dept. of Education<br>PO Box 105028<br>Atlanta GA 30348-5028 | Niizhwaaswi, LLC<br>d/b/a Loan at Last<br>PO Box 1193<br>Lac Du Flambeau WI 54538-1193 | Office of the U. S. Trustee<br>Johnson Square Business Center<br>2 East Bryan Street, Ste 725<br>Savannah, GA 31401-2638 |

| | | |
|---|---|---|
| One Main<br>PO Box 1010<br>Evansville IN 47706-1010 | Optim Orthopedics of Statesboro<br>16915 Highway 67 S<br>Statesboro GA 30458-5819 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Profit Services Group<br>PO Box 61295<br>Savannah GA 31420-1295 | Jennifer L. Register<br>1560 Orabelle Road<br>Portal, GA 30450-4862 | SYNCB/Care Credit<br>PO Box 965036<br>Orlando FL 32896-5036 |
| SYNCB/Walmart<br>PO Box 965024<br>Orlando FL 32896-5024 | Sallie Mae<br>123 Justison Street<br>3rd Floor<br>Wilmington DE 19801-5360 | Santander Consumer USA<br>PO Box 961245<br>Terrell TX 75161 |
| Southern Finance Company<br>41 E Main Street<br>Statesboro, GA 30458-4892 | Southern Finance Company<br>PO Box 2935<br>Gainesville GA 30503-2935 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Synchrony Bank c/o PRA Receivables Managemen<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Title Max of GA, Inc.<br>dba Title Bucks<br>1306 Northside Dr E<br>Statesboro GA 30458-1007 | US Dept. of Education<br>3130 Fairciew Park Drive<br>Suite 800<br>Falls Church VA 22042-4566 |
| United 1st Federal Credit Union<br>162 N Gross Road<br>Kingsland GA 31548-6229 | United States Attorney<br>P.O. Box 8970<br>Savannah GA 31412-8970 | Verizon Wireless<br>500 Technology Drive<br>#500<br>Weldon Springs MO 63304-2225 |
| Verizon Wireless<br>PO Box 26055<br>Minneapolis MN 55426-0055 | Western Finance<br>aka Western Shamrock Corp.<br>6 Proctor Street<br>Statesboro GA 30458-5313 | Western Shamrock Corp.<br>801 S Abe. Street<br>San Angelo TX 76903-6735 |
| Western Shamrock Corporation dba Western Fin<br>Bankruptcy Department<br>84 Villa Rd, Ste 303<br>Greenville, SC 29615-3013 | World Acceptance Corp.<br>PO Box 6429<br>Greenville SC 29606-6429 | World Finance Company<br>PO Box 6429<br>Greenville SC 29606-6429 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Bank of America<br>PO Box 982238<br>El Paso TX 79998-2235 | Credit Acceptance<br>25505 West 12 Mile Road<br>Southfield, MI 48034 | GA Dept. of Revenue<br>Compliance Division, ARCS-Bankruptcy<br>1800 Century Blvd NE, Ste. 9100<br>Atlanta GA 30345 |

| | | |
|---|---|---|
| Jefferson Capital System<br>16 McLeland Road<br>Saint Cloud MN 56303 | Portfolio Recovery<br>120 Corporate Blvd.<br>Ste. 100<br>Norfolk VA 23502 | End of Label Matrix<br>Mailable recipients 53<br>Bypassed recipients 0<br>Total 53 |